IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00408-REB-KLM

MARK A. ESQUIBEL,

    Plaintiff,

v.

RICK RAEMISCH, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
ROGER WERHOLTZ, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
TONY CAROCHI, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
TOM CLEMENTS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
ARISTEDES ZAVARIS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JOE ORTIZ, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JOHN SUTHERS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
MARY CARLSON, individually and in her official capacity as Time Computation Manager of Colorado Department of Corrections, and
JOHN DOE, individually and in his/her official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Order to Show Cause [#34][1] issued by the Court on July 29, 2015. It had come to the Court's attention that the following Defendants have not been served with the Summons and Complaint in this action and, therefore, are

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

not currently proper parties: Roger Werholtz, individually and in his official capacity as Executive Director of the Colorado Department of Corrections ("CDOC"); Tony Carochi, individually and in his official capacity as Executive Director of CDOC; Tom Clements, individually and in his official capacity as Executive Director of the CDOC; Aristedes Zavaris, individually and in his official capacity as Executive Director of CDOC; Joe Ortiz, individually and in his official capacity as Executive Director of the CDOC; John Suthers, individually and in his official capacity as Executive Director of the CDOC; John Doe, individually and in his/her official capacity as Executive Director of the CDOC (collectively, the "Unserved Defendants").

Plaintiff filed this civil action on February 27, 2015 [#1]. On March 6, 2015, the Clerk of Court issued a Certificate of Service regarding the attempted service of all Defendants. *See* [#8]. On March 10, 2015, service was waived with respect to Defendants Rick Raemisch and Mary Carlson, along with a notice that service was not waived or accepted for any of the Unserved Defendants, on the bases that Tom Clements is deceased,[2] John Doe could not be identified as a current CDOC employee,[3] and the remainder are no longer CDOC employees. *See* [#9]. No forwarding addresses were provided. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs

---

[2] Pursuant to Fed. R. Civ. P. 25(d), "an action does not abate when a public officer who is a party in an official capacity dies . . . . The officer's successor is automatically substituted as a party . . . . The court may order substitution at any time, but the absence of such an order does not affect the substitution." Here, Tom Clements' successor is the new Executive Director of the CDOC, Rick Raemisch. Thus, although Tom Clements is deceased, Rick Raemisch in his official capacity is automatically substituted for Tom Clements in his official capacity pursuant to Rule 25(d). With regard to claims against Mr. Clements in his individual capacity, those claims must be brought against Mr. Clements' estate. The Court further notes that if Plaintiff intends to attempt to assert claims against the estate of any decedent, the estate must be named as a defendant in the lawsuit. *See, e.g.*, *Estate of Fuentes ex rel. Fuentes v. Thomas*, 107 F. Supp. 2d 1288, 1295 (D. Kan. 2000).

[3] Plaintiff had made no attempt to identify the John Doe Defendant or state that he needed discovery regarding this person's identity.

proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008).

Accordingly, Plaintiff was ordered to show cause why this Court should not recommend that the case against the Unserved Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b). *Order to Show Cause* [#34] at 3. Plaintiff was further ordered to file proof of service on the Unserved Defendants, or respond, in writing, to the Order to Show Cause on or before August 20, 2015. *Id.* Plaintiff was warned that failure to serve the Unserved Defendants, respond and show good cause for Plaintiff's failure to properly serve the Unserved Defendants, or provide current addresses to allow the United States Marshal to effect service, would result in this Court issuing a recommendation to dismiss Plaintiff's action as to the Unserved Defendants.

On August 19, 2015, Plaintiff timely filed a Response [#40] to the Order to Show Cause [#34], in which he conceded that he did not know the forwarding addresses for the Unserved Defendants and did not have the resources or funds to locate them. Accordingly, he consents to their dismissal from the case. Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#34] is **DISCHARGED**.

IT IS **RECOMMENDED** that the following Defendants be **DISMISSED** from this case:

(1) Roger Werholtz, individually and in his official capacity as Executive Director of CDOC;

(2) Tony Carochi, individually and in his official capacity as Executive Director of CDOC;

(3) Tom Clements, individually and in his official capacity as Executive Director of the CDOC;

(4) Aristedes Zavaris, individually and in his official capacity as Executive Director of

CDOC;

(5) Joe Ortiz, individually and in his official capacity as Executive Director of the CDOC;

(6) John Suthers, individually and in his official capacity as Executive Director of the CDOC;

(7) John Doe, individually and in his/her official capacity as Executive Director of the CDOC.

IT FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 17, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge