IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00408-REB-KLM

MARK A. ESQUIBEL,

    Plaintiff,

v.

RICK RAEMISCH, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
ROGER WERHOLTZ, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
TONY CAROCHI, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
TOM CLEMENTS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JOE ORTIZ, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JOHN SUTHERS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
MARY CARLSON, individually and in her official capacity as Time Computation Manager of Colorado Department of Corrections, and
JOHN DOE, individually and in his/her official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [#21],[1] filed by Defendants Rick Raemisch ("Raemisch") and Mary

---

[1] "[#21]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

Carlson ("Carlson").[2]  Plaintiff filed a Response [#29] in opposition to the Motion [#21]. Defendants did not file a Reply.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#21] has been referred to the undersigned for recommendation.  *See* [#27].  The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that Motion [#21] be **GRANTED**.

## I. Summary of the Case

Plaintiff, who proceeds pro se[3] and in forma pauperis, is in the custody of the Colorado Department of Corrections ("CDOC") and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  *Compl.* [#1] at 2.

Plaintiff states that this case involves CDOC's calculation of his mandatory release date ("MRD").  *Id.* at 5.  Plaintiff contends that under Colorado law the correct method of calculating a MRD is to take the number of years an offender is sentenced, subtract the time actually served, and then further reduce the ultimate sentence by any presentence credit, earned time, and good time the offender has accumulated.  *Id.*  Plaintiff further contends that CDOC is correct that it has discretion to award good time or earned time or deduct presentence confinement credit for jail time, but once an inmate accumulates earned or good time or presentence confinement time, "it must be actually applied to his

---

[2] A Recommendation [#43] is currently pending to dismiss the other Defendants in this matter.

[3] The Court must construe the filings of pro se litigants liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

release dates." *Id.* Plaintiff also contends that he "was possibly denied discretionary parole" when he reached his parole eligibility date because his MRD was perceived to be too far in the future. *Id.* at 6. Thus, he avers, the miscalculation of the MRD results in miscalculation of the statutory discharge date, i.e., the date of parole termination. *Id.* at 5, 6. Finally, Plaintiff contends that the date of his parole termination is being calculated in the same manner that Randel Ankeney's ("Ankeney") parole termination date was calculated, based on the Colorado Court of Appeals' holding in *Ankeney v. Raemisch*, No. 2012CA1930, 2013 WL 4495117 (Colo. App. Aug. 22, 2013). *Id.*

In each claim, Plaintiff asserts that his Fourth, Fourteenth, and Eighth Amendment constitutional rights are being violated because he served a sentence beyond what he should have served and because Defendants miscalculated his statutory discharge date. Plaintiff also asserts that he has a "vested liberty interest in all of the good time and earned time which has been awarded to him under statute" and that once the time has been awarded, "it must be applied as such." *Id.* at 10. Plaintiff seeks declaratory and injunctive relief as well as monetary damages. *Id.* at 17-18.

Defendants move to dismiss Plaintiff's Complaint [#1] on the basis of Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Motion* [#21]. The Court addresses the specifics of Defendants' arguments regarding dismissal in the Analysis section below.

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(1)

Subject matter jurisdiction may be challenged by a party or raised sua sponte by the court at any point in the proceeding. *E.g.*, *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-19, (1951); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982); Fed.

R. Civ. P. 12(h)(3).  A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

**B.    Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient

facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III.  Analysis

Defendants primarily rely on a recent Colorado Supreme Court opinion to support their request to dismiss Plaintiff's lawsuit. *See Motion* [#21] at 2. On March 16, 2015, the Colorado Supreme Court issued an opinion in *Ankeney v. Raemisch*, 344 P.3d 847 (Colo. 2015) (en banc), that reversed a decision of the Colorado Court of Appeals (relied upon by Plaintiff) and the Fremont District Court and held that inmates, such as Mr. Ankeney, are not entitled to have their sentences calculated in the manner advocated by Mr. Ankeney. The Colorado Supreme Court found that for inmates whose crimes were committed after July 1, 1993, good time credits awarded pursuant to Colo. Rev. Stat. § 17-22.5-301, and earned time credits awarded pursuant to § 17-22.5-302(1), "do not constitute the service of an inmate's sentence but rather have significance only for calculating his eligibility for release to parole." *Ankeney*, 344 P.3d at 852 (citing *Jones v. Martinez*, 799 P.2d 385, 387 (Colo. 1990); *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); *Bynum v. Kautzky*, 784 P.2d 735, 738-39 (Colo. 1989); *Renneke v. Kautzky*, 782 P.2d 343, 345 (Colo. 1989)).

Besides this case, at least four other essentially identical cases have been filed in the District of Colorado subsequent to the Colorado Court of Appeals' August 22, 2013 decision in *Ankeney* but prior to the Colorado Supreme Court's March 16, 2015 reversal of that decision: (1) *Ankeney v. State of Colorado*, Civil Action No. 14-cv-00007-MSK-KMT (D. Colo. filed January 2, 2014);[4] (2) *Bartlett v. People of the State of Colorado*, Civil Action

---

[4] The plaintiffs in the proposed federal class action suit, *Ankeney v. State of Colorado*, No. 14-cv-00007-MSK-KMT (D. Colo. Mar. 26, 2015), were represented by counsel. They initially pursued their action in this District based on the Colorado Court of Appeal's *Ankeney* holding, but

-6-

No. 15-cv-00497-LTB (D. Colo. Mar. 10, 2015) ("*Bartlett I*"); (3) *Bartlett v. People of the State of Colorado*, Civil Action No. 15-cv-01064-LTB (D. Colo. filed May 20, 2015) ("*Bartlett II*"); and (4) *Tafoya v. Raemisch*, Civil Action No. 15-cv-01411-LTB (D. Colo. filed July 2, 2015).[5]  In *Bartlett II*, as here, the plaintiff asserted that his constitutional rights were violated by the incorrect calculation of his sentence. *See* No. 15-cv-01064-GPG, 2015 WL 4095542, at *1 (D. Colo. July 7, 2015).  The plaintiff asserted that he was being held beyond his mandatory release date and his statutory release date.  *Id.*  As a result, like Plaintiff here, he sought money damages and immediate discharge and release from prison.  *Id.*  The Court discusses this case in greater detail below.

### A.     Eleventh Amendment Immunity

Regarding Plaintiff's request for damages and for declaratory relief, Defendants in their official capacities assert Eleventh Amendment immunity.  *Motion* [#21] at 4-5.  This challenges the Court's subject matter jurisdiction.  *Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002).  The doctrine of Eleventh Amendment immunity protects states and their agents from suit when acting in their official capacities.  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-559 (10th Cir. 2000).  To the extent that Plaintiff sues Defendants in their official capacities, "[s]uits against state officials in their official capacit[ies] should be treated as suits against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th

---

they later voluntarily dismissed the action in light of the Colorado Supreme Court's reversal of the Colorado Court of Appeals' judgment. *See Ankeney*, No. 14-cv-00007-MSK-KMT [#66]. The Court notes that the attorney-drafted complaint in Civil Action No. 14-cv-0007-MSK-KMT was clearly the template for Plaintiff's Complaint [#1] in this lawsuit.

   [5] The other lawsuits here named were filed by pro se litigants. *Bartlett I* and *Bartlett II* were filed by the same individual.

Cir. 1994) (stating that state officers sued in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983). Thus, pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities for monetary relief. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

"The Eleventh Amendment is a jurisdictional bar that precludes *unconsented* suits in federal court against a state and arms of the state." *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007)) (emphasis added). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast*, 507 F.3d at 1252 (citation omitted). Here, as already noted, Defendants only raise this defense with respect to monetary and declaratory relief. *See Motion* [#21] at 4.

Defendants are or were all employees of CDOC at times relevant to this lawsuit. *Compl.* [#1] at 2-4. Therefore, they are state officers. Consequently, all of Plaintiff's official capacity claims against Defendants for monetary and declaratory relief must be dismissed without prejudice for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity. *Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014).

Accordingly, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice** to the extent Plaintiff seeks monetary damages and declaratory relief from Defendants in their official capacities. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**B.** *Heck v. Humphrey*

Defendants next assert that Plaintiff's claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Motion* [#21] at 7-8. Judge Babcock discussed *Heck* in relation to the plaintiff's claims in *Bartlett II*, and his analysis is equally applicable here. *See* 2015 WL 4095542, at *2. *Heck* holds that if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the cause of action does not accrue until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. 512 U.S. at 486-87; *Marner v. M.M.*, 624 F. App'x 665, 666 (10th Cir. 2015). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . —if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, there is no indication in the Complaint that Plaintiff's sentence has been invalidated, and it is apparent that a judgment in his favor in this case would necessarily imply the invalidity of that sentence. *See generally Compl.* [#1]. The Court, therefore, finds that Plaintiff's claim for damages challenging the execution of his sentence is barred by *Heck*. Accordingly, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice** to the extent Plaintiff seeks monetary damages against Defendants in their individual capacities. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

**C.** **Injunctive Relief**

Plaintiff asserts that "[t]he heart of this complaint . . . is that once an inmate has earned good time [credit], earned time [credit], [and] court[-]ordered pre-sentence confinement credit, it must be actually applied to his release dates." *Compl.* [#1] at 5. "In short, [Plaintiff's] mandatory release date should have been calculated by taking what was basically an eight year sentence, and subtracting all earned time, all good time, [and] all pre-sentence confinement good time from that eight year sentence." *Id.* at 8.

The Colorado Supreme Court's decision in *Ankeney v. Raemisch* was issued on March 16, 2015, after Plaintiff filed this lawsuit. Regardless of that decision, Plaintiff appears to continue to argue that good time credits and earned time credits should be applied to his mandatory release date. *See Compl.* [#1] at 5; *Response* [#7] at 6-10. Despite Plaintiff's disagreement, the Colorado Supreme Court has clearly stated that good times credits and earned time credits apply to a determination of the date of parole eligibility, and not to a determination of the date of mandatory release to parole. 344 P.3d at 852-53. Accordingly, to the extent Plaintiff's constitutional claims are premised on this argument, they fail under *Ankeney*.

Further, to the extent Plaintiff asserts that other credits such as presentence confinement credits have not been properly applied to his sentence and that he deserves immediate discharge and release,[6] his sole federal remedy is a writ of habeas corpus. *See Barrett II*, 2015 WL 4095542, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). "Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action." *Barrett II*, 2015 WL 4095542, at *2 (citing *Hudson v. Kansas*, 348 F. App'x 370, 371-72 (10th Cir. 2009)

---

[6] It is unclear whether Plaintiff seeks immediate relief of this nature, but liberally construing the Complaint, he may be asking for this remedy. *See, e.g.*, *Compl.* [#1] at 16 (stating that Plaintiff's "very freedom is at stake from the correct calculations of these dates").

-10-

(applying *Wilkinson* to a § 1983 complaint challenging the miscalculation of a prison sentence and finding a § 1983 action will not lie when a state prisoner challenges duration of confinement and seeks immediate release). "If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action. Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies." *Barrett II*, 2015 WL 4095542, at *2 (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)).

In *Gomez v. Raemisch*, No. 15-cv-01861-GPG, 2016 WL 345488 (D. Colo. Jan. 28, 2016), a pro se prisoner challenged CDOC's computation of his prison sentence. He claimed that his constitutional rights had been violated because CDOC had "not granted him the correct amount of presentence confinement credit and ha[d] refused to apply the 'one continuous sentence ruling' and governing state statutes in calculating his parole eligibility and mandatory release dates," just as Plaintiff here does. *Gomez*, 2016 WL 345488, at *1; *see Compl.* [#1] at 5. The Court there held that, while the plaintiff had properly filed a habeas corpus action to obtain such injunctive action, he could "not assert any constitutional claims challenging the computation of his sentence in a habeas corpus action in federal court unless he has exhausted state court remedies." *Gomez*, 2016 WL 345488, at *1 (citing *Montez*, 208 F.3d at 866). Because Plaintiff has not filed a habeas corpus action, his claims must be dismissed.

Accordingly, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice** to the extent he seeks injunctive relief. *See Gomez*, 2016 WL 345488, at *2 (dismissing the plaintiff's claims without prejudice for failure to exhaust state remedies).

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#21] be **GRANTED**, and that Plaintiff's claims be **DISMISSED without prejudice**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 8, 2016, at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge