**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00408-REB-KLM

MARK A. ESQUIBEL,

    Plaintiff,

v.

RICK RAEMISCH, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
ROGER WERHOLTZ, individually and in his official capacity as Executive Director of the
Colorado Department of Corrections,
TONY CAROCHI, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
TOM CLEMENTS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JOE ORTIZ, individually and in his official capacity as Executive Director of the Colorado
Department of Corrections,
JOHN SUTHERS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
MARY CARLSON, individually and in her official capacity as Time Computation Manager
of Colorado Department of Corrections, and
JOHN DOE, individually and in his/her official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.

**ORDER**

**Blackburn, J.**

    This matter is before the court on the following: (1) the **Objection to Magistrate**

**Judges Ruling** [#19][1] filed May 21, 2015; (2) the **Plaintiffs Motion for a Settlement**

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Conference, or Another Alternative Dispute Resolution Proceeding** [#28] filed June 29, 2015; (3) the **Motion for Sanctions** [#31] filed July 14, 2015; (4) the **Motion for appointment of Counsel** [#37] filed August 3, 2015; (5) **Defendants Rick Raemisch and Mary Carlson's Motion To Strike Unauthorized Pleading** [#39] filed August 6, 2015; (6) The **Plaintiff Motion for Partial Summary Judgment** [#44] filed October 5, 2015; (7) **Motion to Stay Pending Resolution of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. 21)** [#46] filed October 7, 2015; (8) the **Plaintiff Motion To Grant Judgment** [#54] filed November 23, 2015; and (9) the **Plaintiff Motion To Rule on Defendants Motion To Dismiss** [#65] filed January 27, 2015.

Some of these motions were referred to the assigned magistrate judge. Having gained the consent of the magistrate judge, I withdraw the reference of those motions to the magistrate judge and resolve those motions in this order.

The plaintiff is proceeding *pro se*. Thus, I continue to construe his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

Concurrently with this order, I am entering an order adopting two recommendations [#43 & #67] of the magistrate judge. The effect of that order is to resolve all claims in this case. The entry of that order renders moot the motions docketed as [#28], [#37], [#46], and [#65]. Thus, each of those motions is denied as moot.

In his objection [#19], the plaintiff, Mark Esquibel, challenges an order [#17]

2

entered by the magistrate judge. In the order [#17], the magistrate judge granted the defendants a seven day extension of time to file a response to the complaint. Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of an order of a magistrate judge which I find to be clearly erroneous or contrary to law. The order [#17] is not clearly erroneous or contrary to law. Therefore, the objection [#19] is overruled.

In his motion for sanctions [#31], Mr. Esquibel seeks sanctions against defense counsel under Fed. R. Civ. P. 11. In essence, Mr. Esquibel claims defense counsel knowingly misrepresented facts to the court. The defendants filed a response [#33]. In the response [#33], the defendants detail why no misrepresentation of fact was made to the court. The motion for sanctions [#31] is baseless and is denied.

In the motion to strike unauthorized pleading [#39], the defendants ask the court to strike **Plaintiff Anthony Tafoya Response To Defendants Rick Raemich** (sic) **and Mary Carlson's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(B)(1) and (6)** [#36] filed August 3, 2015. As the defendants note, Anthony Tafoya is not a party to this case. Thus, the response of Mr. Tafoya is not properly before the court in this case. The motion to strike is granted.

Finally, Mr. Esquibel filed two motions for summary judgment [#44 & #54]. Mr. Esquibel is a prisoner incarcerated by the Colorado Department of Corrections (DOC). The claims of Mr. Esquibel in this case are based on his contention that his mandatory release date has not been calculated correctly by the DOC. For the reasons detailed by the magistrate judge in her recommendations [#43 & #67], the claims of Mr. Esquibel are not legally viable. Mr. Esquibel is not entitled to summary judgment in his favor on

his invalid claims.  The motions for summary judgment are denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in the **Objection to Magistrate Judges Ruling** [#19] filed May 21, 2015, are overruled;

2. That the **Plaintiffs Motion for a Settlement Conference, or Another Alternative Dispute Resolution Proceeding** [#28] filed June 29, 2015, is denied as moot;

3. That the **Motion for Sanctions** [#31] filed July 14, 2015, is denied;

4. That the **Motion for appointment of Counsel** [#37] filed August 3, 2015, is denied as moot;

5. That **Defendants Rick Raemisch and Mary Carlson's Motion To Strike Unauthorized Pleading** [#39] filed August 6, 2015, is granted;

6. That **Plaintiff Anthony Tafoya Response To Defendants Rick Raemich** (sic) **and Mary Carlson's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(B)(1) and (6)** [#36] filed August 3, 2015, is stricken;

7. That the **Plaintiff Motion for Partial Summary Judgment** [#44] filed October 5, 2015, is denied;

8. That the **Motion to Stay Pending Resolution of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. 21)** [#46] filed October 7, 2015, is denied as moot;

9. That the **Plaintiff Motion To Grant Judgment** [#54] filed November 23, 2015, is denied; and

10. That the **Plaintiff Motion To Rule on Defendants Motion To Dismiss** [#65]

filed January 27, 2015, is denied as moot.

Dated March 15, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge